## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FRIDLINE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INTEREST MEDIA, INC., : <br> : <br> Defendants. : | Civil Action No. 4:24-cv-01770-MWB |

## DEFENDANT INTEREST MEDIA, INC.'S
## MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Interest Media, Inc., by its undersigned counsel, moves this Court for an Order dismissing Plaintiff Zachary Fridline's Class Action Complaint in its entirety with prejudice. The grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference.

Pursuant to LR 7.1, Defendant has sought concurrence in the Motion from Plaintiff, which has been denied.

Date: December 12, 2024                    Respectfully submitted,

**POLSINELLI PC**

*/s/ Hyun (Eric) Yoon*
Hyun (Eric) Yoon (PA ID #323706)
1717 Arch Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215)-267-3001

*Attorney for Interest Media, Inc.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FRIDLINE,<br><br>    Plaintiff,<br><br>v.<br><br>INTEREST MEDIA, INC.,<br><br>    Defendant | Civil Action No. 4:24-cv-01770-MWB |

**DEFENDANT INTEREST MEDIA, INC.'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Interest Media, Inc. ("Interest Media"), through its undersigned counsel, moves for an Order dismissing Plaintiff Zachary Fridline's Class Action Complaint ("Complaint," ECF No. 1) with prejudice under Rule 12(b)(6).

**I.    INTRODUCTION**

This case involves a misguided putative telemarketing class action. On October 16, 2024, Plaintiff filed a Complaint, alleging a single cause of action under the federal Telephone Consumer Protection Act ("TCPA") violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c), based on texts messages he purportedly tied to Interest Media, *see* ECF No. 1 ¶¶ 56–60. Specifically, Plaintiff asserts that Interest Media intentionally sent him text messages, despite his "residential phone number" being "on the National Do Not Call Registry," in violation of the TCPA, *id.* ¶ 8, 16, and seeks statutory, treble,

and compensatory damages, as well as injunctive and declaratory relief on this basis. ECF No. 1 ¶¶ 56–60.

But even at a motion to dismiss stage, Plaintiff has not—and cannot—overcome his failure to plead plausible facts demonstrating that Interest Media actually sent any messages to Plaintiff. Instead, the Complaint only contains conclusory allegations and lacks facts sufficient to raise his right to relief above the speculative level. As just one example of such shortcomings, Plaintiff lists eight phone numbers that he alleges sent him the text messages at issue ("Phone Numbers In Question")—none of these phone numbers, however, are connected to Interest Media, because none of these numbers are related to Kansas City, MO, where Interest Media conducts business, and they are private cell phone, not business, numbers. *Id.* ¶ 20.

More importantly, even taking the allegations in the Complaint as true, Plaintiff cannot meet his burden to show that Interest Media violated the TCPA. In particular, Plaintiff asserts that he received text messages from "at least 8" unknown numbers. Compl., at ¶¶ 16-32. Plaintiff alleges he was able—without explanation—to determine that Interest Media maintained tracking over **one** of the links sent in **one** of the messages. *Id.* ¶¶ 28-31. Plaintiff then concludes that because this tracking link belongs to Interest Media, the messages must be sent from Interest Media. *Id.* ¶¶ 27-33. Even accepting these statements as true, Plaintiff has not pled—because he

cannot—that Interest Media actually sent those messages or requested that the messages be sent. In fact, Interest Media does not initiate or send messages or calls to individuals.

Plaintiff's putative class claim likewise fails because it rises and falls with his TCPA claim. Plaintiff's failure to connect the messages or the numbers they were sent from to Interest Media is fatal to the class claim. Finally, Plaintiff has failed to – and cannot – make any claim regarding the use of an ATDS, a *sine qua non* of a TCPA claim, because Interest Media does not use an ATDS.

Plaintiff's TCPA claim must fail, and the Complaint should be dismissed, with prejudice, in its entirety.

## II.     **STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court should dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint is legally insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a complaint "only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting Iqbal, 556 U.S. at 663). "Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

Although the court must take a complaint's factual allegations as true in assessing whether such allegations meet the standard of plausibility, the court need not accept the truth of legal conclusions or draw "unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000)). "Allegations that are 'merely consistent with a defendant's liability' . . . are not enough" to survive a motion to dismiss. *Santiago v. Warminster Twp.*, 629 F.3d 121, 133 (3d. Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). At bottom, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Third Circuit performs a two-part analysis. *See Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). First, the court separates the factual elements from the legal elements of the plaintiff's complaint, accepting the well-pleaded factual allegations as true and disregarding any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Second, the court determines whether the well-pleaded factual allegations to show that the plaintiff "has a

'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  Here, once the Complaint is distilled to its limited factual allegations, it is apparent that Plaintiff has not met his burden to state a plausible claim upon which relief can be granted.

### III.     PLAINTIFF HAS FAILED TO STATE A TCPA CLAIM

The Complaint alleges a violation of the TCPA. *See* Complaint, ¶¶ 56-60. To bring forward a claim for violation of 47 U.S.C. § 227(c)(5), Plaintiff needs to establish that: (a) he received multiple calls within twelve months, (b) by or on behalf of the same entity, (c) on a residential phone registered on the Do Not Call list. *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) (citing *Huber v. Pro Custom Solar, LLC*, No. 19-01090, 2020 WL 2525971, *2 (M.D. Pa. May 18, 2020)).  Here, Plaintiff has failed to satisfy this threshold legal requirement for three independent reasons.

***First***, Plaintiff has failed to plead *any* facts that Interest Media had any involvement in sending messages to him.  Indeed, aside from the rampant "legal conclusions" permeating the Complaint alleging the texts were sent by or on behalf of Interest Media, Plaintiff has provided no "factual content that allows the court to draw the reasonable inference that" Interest Media actually sent Plaintiff any messages. *Id*.  Plaintiff's allegations concerning Interest Media's ownership of the tracking link have no relevance to this case because owning a tracking link does not demonstrate that Interest Media actually sent or was responsible for messages sent

to Plaintiff. In fact, Interest Media does not initiate calls or text messages to individuals. Interest Media's business, instead, is to legally compile lists of potential customers and provide them to companies, while also maintaining a network of websites.[1] Taking Plaintiff's own allegations as true, he received unwanted text messages; then, found that Interest Media maintained tracking on one website tied to the link in one text message. Complaint, ¶¶ 16-32. This connection is too tenuous to lead to the reasonable inference that Interest Media sent any text messages to Plaintiff or any related putative class members.

*Second*, Plaintiff has failed to plead any connection between the numbers that messaged him and Interest Media. Putting aside that Interest Media does not initiate calls or text messages to individuals, Plaintiff listed eight phone numbers that contacted him. Plaintiff produced one message and was able to trace a link in that one message to Interest Media. But, even taking any factual allegations as true, Plaintiff does not—because he cannot—allege that the numbers that messaged him have any connection to Interest Media. The phone numbers, after a search, are private numbers connected to individual cell phones. In fact, Interest Media had to run a search for them, because these number are in fact not connected to Interest

---

[1] *See* https://interest-media.com/our-story/ (last accessed December 12, 2024).

Media. Of the eight numbers, not one number was connected to Kansas City, MO, where Interest Media does business.[2]

At the motion to dismiss stage, a plaintiff must properly allege sufficient facts that, taken as true, could lead to the reasonable inference that messages were sent to Plaintiff "by or on behalf of" Interest Media. *See Iqbal*, 556 U.S. at 678; *Smith*, 2020 WL 5632653, at *3. Specifically, in pleading a TCPA cause of action, "speculative assertions without 'further factual enhancement' are insufficient to state a claim upon which relief can be granted." *Zelma v. Burke*, No. CV 2:16-02559-CCC-MF, 2017 WL 58581, at *4 (D.N.J. Jan. 4, 2017) (quoting *Iqbal*, 556 U.S. at 678). In this respect, Plaintiff has repeatedly failed to "nudge[] [his] claim[] across the line from conceivable to plausible," and therefore, his Complaint should be dismissed. *See Twombly*, 550 U.S. at 570.

***Third***, Plaintiff artfully pleads this action to allege only a violation of Section 227(c) of the TCPA, avoiding the necessity of pleading that an ATDS was used. Nonetheless, Plaintiff's language and class claim hint at the use of an ATDS,

---

[2] Although this motion is limited to the facts pled in the Complaint, this Court may take judicial notice of the area codes listed in the Complaint and recognized that none are Kansas City, MO. *See, e.g, Rhines v. Jackson*, No. CV 2020-68, 2022 WL 356871, at *3 (D.V.I. Feb. 7, 2022) (taking "judicial notice under Rule 201 of the Federal Rules of Evidence that area code (340) is associated with the U.S. Virgin Islands[,]" citing allareadcodes.com as the source). Here, the Complaint states the following area codes contacted Mr. Fridline: 216 (Cleveland, OH); 616 (Grand Rapids, MI); 713 (Houston, TX); 507 (Rochester, MN); 401 (Providence, RI); 305 (Miami, FL); and 360 (Vancouver, WA). *See* https://www.allareacodes.com (last accessed December 11, 2024).

alleging, for example, that these messages are sent *en masse* to members of the Do Not Call list. *See* Complaint, ¶ 44.  To qualify as an ATDS, the device used to place the call—or in this case, send the text—must have the capacity either to store a telephone number using a random or sequential number generator or to produce a telephone number using a random or sequential number generator. *Dominguez v. Yahoo!, Inc.*, 2017 U.S. Dist. LEXIS 11346, at *3-4 (E.D. Pa. Jan. 27, 2017), *aff'd*, 894 F.3d 116 (3d Cir. 2018) (an ATDS must use a random or sequential number generator to either store or produce the number in question).  Plaintiff has not pled directly, because he cannot, that Interest Media used an ATDS to send messages to individuals on the Do Not Call list.  Interest Media does not have or use an ATDS system, as they do not call or message individuals at all, let alone individuals on the Do Not Call list.

The Complaint contains only "conclusory allegations" that either Interest Media sent the messages in question, or that the messages were sent on its behalf. Plaintiff identifies only one of the messages sent to him and connects one link in that one message to Interest Media.  With nothing further, Plaintiff invites this Court to conclude as true that Interest Media must be responsible – an invitation which this Court should decline. *Id*. ¶¶ 16-32.  At best, the Complaint has only "speculative assertions without 'further factual enhancement[s]'" with respect to Interest Media's involvement with Plaintiff or the allegedly unwanted text messages.  *See Zelma*,

2017 WL 58581, at *4 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff essentially asks this Court to take many leaps to accept that Interest Media is responsible for the unwanted text messages: Interest Media is connecting to the tracking of one link that he received, thus, it must somehow be responsible for all of the messages—despite pleading no factual allegations showing that Interest Media actually sent any messages. In reality, Interest Media does not initiate calls or messages to individuals and has no connection to any of the phone numbers listed.

In sum, Plaintiff has failed to plead sufficient "factual content." He has not presented sufficient factual allegations that, taken as true, create the reasonable inference that Interest Media actually sent the messages in question or that it used an ATDS to do so. *See Iqbal*, 556 U.S. at 678.

## IV. **CONCLUSION**

Plaintiff has failed to plead in this putative class action any facts demonstrating that Interest Media was responsible for the text message he received. Nor has Plaintiff pled any facts connecting Interest Media to the phone numbers Plaintiff alleges Interest Media used. Nor does the Complaint adequately plead the use of an ATDS. For all foregoing reasons, the Complaint must be dismissed in its entirety with prejudice.

Respectfully submitted,

**POLSINELLI PC**

*/s/ Hyun (Eric) Yoon*
Hyun (Eric) Yoon (PA ID #323706)
1717 Arch Street, Suite 2800
Polsinelli PC
Philadelphia, PA 19103
Telephone: (215)-267-3001

*Attorney for Interest Media, Inc.*