UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ZACHARY FRIDLINE,

  Plaintiff,

v.

INTEREST MEDIA, INC.,

  Defendant

Civil Action No. 4:24-cv-01770-MWB

**DEFENDANT INTEREST MEDIA, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

  Defendant Interest Media, Inc. ("Interest Media"), through its undersigned counsel, hereby submits this Reply in Further Support of its Motion to Dismiss Plaintiff Zachary Fridline's Class Action Complaint ("Complaint," ECF No. 1) with prejudice under Rule 12(b)(6).

  **I. INTRODUCTION**

  Plaintiff's Opposition acknowledges its fatal defects in his putative class action Complaint. Plaintiff only alleged that he received "8 automated text messages containing nonsensical text [*sic*]" from 8 different phone numbers, **_none_** of which has a Missouri area code or can be plausibly tied to Interest Media. (Opp. at 1.) These critical failures cannot be cured by Plaintiff's wildly speculative musing that Interest Media must have sent them as a part of nation-wide "SIM Farms" operation (which does not appear anywhere in the Complaint) or Plaintiff's *ipse dixit* conclusory

allegation that one "link" shown in ¶ 25 of the Complaint is "owned by and directed [Plaintiff] to Interest Media…." (Opp. at 5.) As it stands, the Complaint provides no credible factual bases to connect Interest Media with the 8 text messages.

Against this backdrop, Plaintiff's individual TCPA claim fails, so must a class action claim. This Court should dismiss the Complaint in its entirety with prejudice.

## II.   ARGUMENT

Plaintiff is the master of his own Complaint. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) ("a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider only the allegations contained in the pleading to determine its sufficiency.") As such, a motion to dismiss facially challenging the factual sufficiency of the Complaint must be determined by the actual factual allegations in the Complaint, not what Plaintiff believes was pled.

Here, Plaintiff's Opposition is nothing more than a misguided attempt to re-write and supplement his factually and legally deficient Complaint. *See Tyler v. Cruz*, 2017 WL 132842, at *5 (D.N.J. Jan. 13, 2017) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). All of Plaintiff's brand new "susp[incisions]" or his personal conviction that "Interest Media's proverbial fingerprints were found on the gun at a murder scene" cannot cure the fatal deficiencies of the Complaint. (Opp. at 4, 5.)

***First***, Plaintiff adds to his Opposition that "Plaintiff has pled that he received eight text messages from the Defendants and included in his pleadings the fact that each of the messages included links to the Defendant's marketing platform[.]" (Opp. at 4.) Plaintiff's failure to quote or cite to his own Complaint is telling. In fact, the Complaint states:

> 27. The text messages led to internet properties either owned by Interest Media or an affiliate offer promoted on Interest Media's platform.
> 28. In order to arrive at this conclusion, the Plaintiff himself was able to track the tracking links in the text messages.

(Compl. ¶¶ 27, 28.) Plaintiff's pleading is not at all clear as his Opposition would suggest. The allegation that the "text messages led to internet properties" associated with Interest Media is vague and does not clarify which links were tracked or how these other messages are supposedly tied to Interest Media. Plaintiff only pleads in his Complaint that the text messages led to internet properties, then proceeds in the Complaint to trace only ***one*** link to a domain—a domain not owned by Interest Media. Plaintiff then baselessly asserts that he was able to match Interest Media's "account on the HasOffers platform." (Compl. ¶ 31.)

Specifically, Plaintiff alleges, without supporting facts, that Interest Media has an account on the HasOffers platform, that HasOffers owns the Go2Cloud domain, and that Interest Media owns the website "imtrk.go2cloud.org," all of which "merely conclusory factual allegations or legal assertions[.]" *In re Asbestos Prods. Liab.*

3

*Litig. (No. VI)*, 822 F.3d at 133.  Owning a website and having an account on the HasOffers domain does not warrant leaping to the conclusion that Interest Media is sending the text messages in question or acting illegally.  Indeed, to the extent that Complaint is clear, Plaintiff actually alleges in the Complaint that "the text message were sent…by advertisers," not Interest Media.  (Compl. ¶ 32.)

*Second*, having failed to connect the numbers used to message Mr. Fridline to Interest Media, Plaintiff resorts to a wild, unsupported allegation that Interest Media was somehow "SIM Farm[ing]," a term that never appears anywhere in the Complaint  (Opp. at 4.)  The Complaint at best alleges a tenuous connection between the HasOffers domain and what Plaintiff has alleged is Interest Media's account, which somehow sends advertising text messages *en masse*.  (Compl. ¶¶ 15-32.)  But the fact remains: Plaintiff listed only eight phone numbers, which have no connection to Interest Media.[1]

Moreover, Plaintiff states in his Opposition that Interest Media's business is to drive traffic to various websites and thus, it must be acting illegally to conduct its business. (Opp. at 5.)  Plaintiff further alleges that Interest Media was "caught" when Plaintiff "clicked a link and identified that the link was owned by and directed him

---

[1] Plaintiff asserts in his Opposition that Defendant has failed to cite any cases where a Court dismissed a case due to mismatched area codes. This misstates both the standard at this stage and the point raised by Defendant. Defendant does not need to demonstrate that mismatched area codes require dismissal—Defendant has, however, made clear that there are numerous factual issues in the Complaint.

4

to Interest Media, who then directed him to an advertiser." (Opp. at 5.) Not only is this a departure from earlier in the same Opposition when Plaintiff asserted that he tracked all eight links, but also, the quote from the Opposition is not what the Complaint states. According to Plaintiff, Interest Media allegedly owns a website and allegedly is under the account name Cloud2go on the HasOffers domain. (Compl. ¶¶ 26-31.) The Complaint does not allege anywhere that Plaintiff was "directed to an advertiser"—this is an improper, brand new "factual" allegation, which should be disregarded for purposes of deciding the instant Motion to Dismiss.

In sum, Plaintiff has failed to "adequately allege[] the Defendant's liability for the text messages, based on facts, not legal conclusions, such as the content of the messages and links." (Opp. at 4.)

### III. CONCLUSION

For the foregoing reasons and those in Interest Media's Motion to Dismiss and supporting Memorandum, the Complaint must be dismissed in its entirety with prejudice.

        Respectfully submitted,

        **POLSINELLI PC**

        */s/ Hyun (Eric) Yoon*
        Hyun (Eric) Yoon (PA ID #323706)
        1717 Arch Street, Suite 2800
        Polsinelli PC
        Philadelphia, PA 19103
        Telephone: (215)-267-3001

        *Attorney for Defendant Interest Media, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this date, I caused the foregoing Motion to be filed and served on counsel for the parties via CM/ECF.

Dated: January 21, 2025                              */s/ Hyun (Eric) Yoon*
                                                                      Hyun (Eric) Yoon