Andrew Roman Perrong, Esq.

PA Bar #333687

Perrong Law LLC

2657 Mount Carmel Avenue

Glenside, Pennsylvania 19038

Attorneys for Plaintiff

Michael J. Joyce, Esq.

PA Bar #328837

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.

1617 John F. Kennedy Blvd., Suite 1010

Philadelphia, PA 19103

Attorneys for Defendant

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zachary Fridline | ) | CASE NO. 4:24-cv-01770-MWB |
| v. | ) | |
| Interest Media, Inc. | ) | |
| | ) | |
| | ) | |
| | ) | JUDGE BRANN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 06/2017)

1. Principal Issues

    1.1 Separately for each party, please give a statement summarizing this case:

        By plaintiff(s):

Plaintiff brings suit under the TCPA alleging that he was contacted without his permission after being listed on the Do Not Call list. The basis for those claims is that the Plaintiff received several text messages with URLs leading to the Defendant's affiliate marketing websites on the HasOffers platform, which sold various goods and services. The Plaintiff alleges that, to hide its identity and the source of the illegal marketing at issue, the Defendant utilized a so-called SIM Farm or SMS gateway, a device that uses hundreds of prepaid SIM cards to blast out text messages *en masse* and in an effort to circumvent carrier blocking and spam detection algorithms, including 10DLC and Know Your Customer (KYC) requirements. Plaintiff alleges that he is a member of a class of individuals similarly situated and seeks to have the matter brought as a class action suit. The Plaintiff is seeking to represent the following putative classes of persons:

National Do Not Call Registry Class: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

        By defendant(s):

Plaintiff has brough suit against the wrong party in this matter. Interest Media, Inc., is not involved in the messaging and/or calling of potential clients. The numbers that contacted the Plaintiff are not owned or associated with Interest Media. Furthermore, the links contained in the messages received by Plaintiff did not take Plaintiff to a website owned by Interest Media. As such, Plaintiff has simply named the wrong defendant in this action.

    1.2    The facts the parties <u>dispute</u> are as follows:

The parties dispute that the phone numbers that contacted Plaintiff are owned, operated, or associated with Defendant. The parties dispute that Defendant ever contacted Plaintiff as alleged in the Complaint.

>       <u>agree</u> upon are as follows:

>   1.3   The legal issues the parties <u>dispute</u> are as follows:

Defendant disputes that it is liable to Plaintiff under any of its theories set forth in the Complaint.

>       agree upon are as follows:

>   1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

>   1.5   Identify any named parties that have not yet been served:

None as of yet. Discovery may reveal additional parties which may have had a role in the messages at issue.

>   1.6   Identify any additional parties that:

>       plaintiff(s) intends to join:

Discovery may reveal additional parties which may have had a role in the messages at issue. Plaintiff does not yet know these parties, but discovery to identify them is already

underway.

        defendant(s) intends to join:

Once Defendant shows that it is not the proper party, Defendant will join the proper party if Plaintiff does not agree to Defendant's dismissal.

    1.7    Identify any additional claims that:

        plaintiff(s) intends to add:

None at this time.

        defendant(s) intends to add:

None at this time.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

    Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Zachary Fridline</u> | <u>Plaintiff</u> |
| <u>Various Employees and agents of Defendant</u> | <u>Defendant</u> |
| <u>TUNE, Inc. f/k/a HasOffers</u> | <u>Web Platform used</u> |

| | |
|---|---|
| T-Mobile | Telephone provider |
| NameCheap | Website Provider |
| DynaDot | Website Provider |

Disclosed by <u>Defendant</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Matthew Hoggatt</u> | <u>Owner – Interest Media</u> |
| <u>T-Mobile</u> | <u>Telephone Provider</u> |

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

**4.0    Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):

Plaintiff has served his first set of discovery on the Defendant and has issued subpoenas

to T-Mobile, HasOffers, NameCheap, and DynaDot.

   By defendant(s):

Defendant is in the process of issuing subpoenas to T-Mobile and has produced its initial disclosures.

  4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Plaintiff wishes to conduct discovery as to the Defendant, to ascertain its business model, the sending of calls, and its role and connection in the affiliate marketing scheme alleged in the complaint, including as to the HasOffers platform. Plaintiff will also seek discovery as to the elements of his TCPA claim and any potential defenses, such as putative consent, on a classwide basis, from both Defendant and third parties also holding that information, such as T-Mobile and the website operators, as well as HasOffers. Plaintiff also intends to seek discovery as to the Defendant's use of using a SIM/SMS gateway to send the text messages at issue, including through the use of prepaid SIM cards, which are relatively anonymous and are easily replaced if blocked or marked as spam.

Defendant intends to engage in all necessary discovery to show to Plaintiff that he has named the wrong party in this lawsuit.

  4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None.

  4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

None.

    4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

        4.5.1 depositions (excluding experts) to be taken by:

            plaintiff(s): 5        defendant(s): <u>1-2</u>

        4.5.2 interrogatories to be served by:

            plaintiff(s): <u>25</u>        defendant(s): <u>25</u>

        4.5.3 document production requests to be served by:

            plaintiff(s): <u>45</u>        defendant(s): <u>20-25</u>

        4.5.4 requests for admission to be served by:

            plaintiff(s): 45        defendant(s): <u>0</u>

    4.6    Discovery of Electronically Stored Information

        9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters

will be addressed in discovery.

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions: NOT APPLICABLE

5.0   Protective Order

   5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent. – **The parties do not seek entry of a protective order at this time but will propose one under existing Third Circuit precedent, including *Pansy* and *Avandia*, should it become necessary.**

   5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: None at this time.

6.0   Scheduling

   6.1   Final date for joining additional parties:

       October 31, 2025 Plaintiff(s)
       October 31, 2025 Defendants(s)

   6.2   Final date for amending pleadings:

       October 31, 2025 Plaintiff(s)

      <u>October 31, 2025</u> Defendants(s)

6.3    All fact discovery commenced in time to be completed by:
March 2, 2026

6.4    All potentially dispositive motions should be filed by: <u>May 4, 2026</u> (including Motion for Class Certification)

6.5    Reports from retained experts due:

from plaintiff(s) by <u>August 3, 2026</u>

from defendant(s) by <u>September 3, 2026</u>

6.6    Supplementations due <u>September 17, 2026</u>

6.7    All expert discovery commenced in time to be completed by: October 1, 2026

6.8    This case may be appropriate for trial in approximately: December 2026

    ____ 240 Days from the filing of the action in this court

    ____ 365 Days from the filing of the action in this court

    <u>500</u> Days from the filing of the action in this court, per Judge Brann's Calendar for Standard Track

6.9    Suggested Date for the final Pretrial Conference:

<u>October 26, 2026</u> (month/year)

6.10 Trial

    6.10.1 Suggested Date for Trial:

        December 2026 (month/year)

7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

<u>Zachary Fridline</u>
Name

<u>Plaintiff</u>
Title

<u>c/o: Perrong Law LLC, 2657 Mount Carmel Ave.</u>

<u>Glenside, PA 19038</u>
Address

( 215 )<u>225</u> - <u>5529</u>    Daytime Telephone

<u>Melissa Paget, Esquire</u>
Name

<u>Claims Resolution Specialist</u>
Title

<u>c/o Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.</u>

<u>1617 John F. Kennedy Blvd., Suite 1010, Philadelphia, PA 19103</u>
Address

( 215 ) <u>832</u> - 4268          Daytime Telephone

**8.0     Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure <u>Private Mediator</u>

        Date ADR to be commenced <u>January 2026</u>
        Date ADR to be completed <u>   September 2026</u>

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y  <u>X</u> N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____   Scranton/Wilkes-Barre
_____   Harrisburg
_____   Williamsport

10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0   Identification of Counsel

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:   <u>ANDREW ROMAN PERRONG,</u>
         <u>ANTHONY PARONICH</u>
             Attorney(s) for Plaintiff(s)
    X    ECF User(s)
    G    Waiver requested (as separate document)
    G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:	<u>Michael J. Joyce</u>
	<u>Mark J. Leavy</u>

	Attorneys(s) for Defendant(s)
X	ECF User(s)
G	Waiver requested (as separate document)
G	Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.