**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ZACHARY FRIDLINE,

    Plaintiff

vs.

INTEREST MEDIA, INC.,

    Defendant

:
:
:
:
:
:
:
:
:
:
:
:

**Case No. 4:24-cv-01770-MWB**
**Hon. Matthew W. Brann**

### PLAINTIFF'S MOTION FOR SANCTIONS

Pursuant to Federal Rule of Civil Procedure 7(b), Local Rules 7.1 and 83.23.2, the Pennsylvania Rules of Professional Conduct, and this Court's inherent authority to supervise the conduct of the attorneys who practice before it, Plaintiff Zachary Fridline respectfully moves the Court for sanctions against Defendant's counsel, William F. McDevitt, Esq. and the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP ("Wilson Elser"), to address counsel's deliberate violation of Pennsylvania Rule of Professional Conduct 4.2, and other Rules of Professional Conduct, in directly communicating with Plaintiff, a represented party, regarding the subject matter of this action.

On May 19, 2026, Mr. McDevitt, counsel of record for Defendant Interest Media, Inc., placed a telephone call from his *personal cellular telephone*, rather than any Wilson Elser firm line, to Plaintiff's telephone number (the "Subject Telephone Number"), the very telephone number on which Plaintiff received the calls that are the subject of this TCPA lawsuit. Mr. McDevitt left a voicemail

1

asking for "Harold Kurtz," an individual unknown to Plaintiff whom Defendant contends is associated with the Subject Telephone Number, and solicited a return call directly to Mr. McDevitt's personal cell phone. At no point did Mr. McDevitt identify himself as an attorney, disclose that he represents Defendant in this action, or reveal that his call concerned this litigation. When confronted, Mr. McDevitt admitted that he placed the call to obtain evidence concerning the ownership of the Subject Telephone Number instead of pursuing alternative appropriate remedies.

This conduct violates Rule 4.2 under the reasoning of *Moore v. Club Exploria, LLC*, No. 19-cv-2504, 2021 WL 260227 (N.D. Ill. Jan. 26, 2021), which held that identical conduct violated the Rule and imposed sanctions on opposing counsel in another TCPA matter materially indistinguishable fact. The grounds for this Motion are set forth more fully in the accompanying Brief in Support, filed contemporaneously herewith.

Dated: June 10, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
M.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

2

## <u>LOCAL RULE 26.3 CERTIFICATION</u>

The undersigned hereby certifies that Plaintiff's counsel conferred with Defendant's counsel on the foregoing Motion on May 22, 2026, and Defendant's counsel indicated that Defendant does not concur with the relief sought herein.

DATED this June 10, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 10, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

3